IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEE HORNE** | : **CIVIL ACTION** |
| | : |
| v. | : |
| | : **NO. 15-1029** |
| **PROGRESSIVE ADVANCED** | : |
| **INSURANCE COMPANY, et al.** | : |

### ORDER-MEMORANDUM

**AND NOW**, this 24th day of April 2015, upon consideration of Plaintiff's Motion to Remand (ECF Doc. No. 7), and Defendants' Opposition (ECF Doc. No. 10), it is **ORDERED** that the Motion is **GRANTED**. The Clerk shall **REMAND** this action to the Philadelphia County Court of Common Pleas. It is further **ORDERED** that Defendants' Motion to Dismiss (ECF Doc. No. 3) is **DENIED** as moot. The Clerk shall mark this action **CLOSED**.

### *Analysis*

Plaintiff filed this action against Defendant Progressive and one of its insurance adjusters Defendant McHale in the Philadelphia Court of Common Pleas. Plaintiff and Defendant McHale are both Pennsylvania residents and thus complete diversity is absent. However, Defendants removed the action to this Court arguing that Plaintiff fraudulently joined Defendant McHale to defeat diversity and therefore the citizenship of Defendant McHale may be ignored.

Fraudulent joinder is an exception to the requirement that removal be predicated upon complete diversity. *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant . . . ." *Id.* at 217 (citation omitted). If there exists even "a possibility that a state court would find that the complaint state a cause of action against any one of the defendants," the federal court must find joinder proper and remand the action to state court. *Id.*

"A fraudulent joinder analysis requires the district court to ask only whether the plaintiff's claims are 'wholly insubstantial and frivolous.'" *Janaski v. Dettore*, No. 15-0572, 2015 WL 1573670, *3 (E.D. Pa. Apr. 9, 2015) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)). A court need only find that one claim is colorable against the non-diverse defendant to remand the action. *See Seward v. Certo*, No. 05-6363, 2006 WL 266150, *2 n.1 (E.D. Pa. Feb. 2, 2006).

A removing defendant bears a "heavy burden" of proving fraudulent joinder. *Batoff*, 977 F.2d at 851 (citations and quotations omitted). The District Court must consider the allegations in the complaint at the time of removal and accept its factual allegations as true. *Id.* at 851-52. However, the court's inquiry with respect to a claim of fraudulent joinder is less searching than that on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 852. In fact, a claim that survives fraudulent joinder analysis may ultimately be dismissed on a Rule 12(b)(6) motion. *Id.* Thus, assessing the merits of a claim is beyond the task evaluating subject matter jurisdiction.

Here, Defendants fail to meet their heavy burden. While Defendants may set forth viable arguments concerning some of Plaintiff's claims, we find that Plaintiff's UTPCPL claim is not "wholly insubstantial and frivolous." Defendants argue the UTPCPL claim fails for two reasons: 1) Defendants McHale is not a "seller" and thus lacks a "contractual or commercial relationship" with Plaintiff; and 2) Plaintiff fails to allege that he justifiably relied on any alleged conduct by Defendant McHale.[1] (ECF Doc. No. 10, Defs.' Resp., 9-14.)

---

[1] Defendants argue in their Notice of Removal that the economic loss doctrine bars Plaintiff's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") claim. (ECF Doc. No. 1, Notice of Removal, 7.) Defendants, however, do not raise this argument in their Opposition brief. Nonetheless, the Court addresses the issue because the application of the economic loss doctrine to UTPCPL claims is in flux in Pennsylvania. *Compare Werwinski v.*

The second argument fails at this point because determining whether Plaintiff adequately states justifiable reliance would necessarily require an assessment of the claim's merits, which we may not do. *See Batoff*, 977 F.2d at 852; *see also Kenia v. Nationwide Mut. Ins. Co.*, No. 07-1067, 2008 WL 220421, *3 (M.D. Pa. Jan. 25, 2008).

The first argument is similarly unavailing. Defendants argue that McHale is not a "seller" of the insurance policy. District Courts in this Circuit have similarly rejected this argument. *See Kenia*, 2008 WL 220421, at *3; *Fenkner v. Nationwide Mut. Ins. Co.*, No. 05-908, 2005 WL 1172642, *3 (M.D. Pa. May 18, 2005). Defendants cite three cases they allege are "directly analogous" to the present situation: *Elia v. Erie Ins. Exchange*, 581 A.2d 209 (Pa. Super. Ct. 1990), *Brownell v. State Farm Mut. Ins. Co.*, 757 F. Supp. 526 (E.D. Pa. 1991), and *Wedemeyer v. United States Life Ins. Co.*, No. 05-6263, 2007 WL 710290 (E.D. Pa. Mar. 6, 2007). We find these cases to be inapposite. In each of the three cases, the individual defendants were one step removed from any transaction with plaintiff. In *Elia*, the individual defendant was an independent physician hired by the insurance company. 581 A.2d at 211. In *Brownell*, the individual defendant was an external auditor hired to assess the need for and cost of services rendered by the plaintiff's doctor. 757 F. Supp. at 529. Finally, in *Wedemeyer*, the dismissed defendant was an independent contractor rather than an employee of the insurance

---

*Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002) (holding economic loss doctrine bars UTPCPL claim), *and Vaughan v. State Farm Fire and Cas. Co.*, No. 14-1684, 2014 WL 6865896, *4-5 (E.D. Pa. Dec. 3, 2014) (same), *with Knight v. Springfield Hyuandai*, 81 A.3d 940, 952 (Pa. Super. Ct. 2013) (holding that economic loss doctrine does not bar UTPCPL claim), *and Kantor v. Hiko Energy, LLC*, — F. Supp. 3d —, No. 14-5585, 2015 WL 1650049, *4-5 (E.D. Pa. Apr. 14, 2015) (finding *Werwinski* no longer has precedential effect). Given the "uncertainties as to the current state of controlling substantive law" regarding the applicability of the economic loss doctrine, we are obliged to construe the law in favor of Plaintiff. *Batoff*, 977 F.2d at 852 (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). Thus, Plaintiff's UTPCPL claim is not barred by the economic loss doctrine so as to permit a finding of fraudulent joinder.

3

company. 2007 WL 710290, at *1. Here, Defendant McHale is an employee of Defendant Progressive rather than an independent contractor or external hire. *See Fleming v. First Liberty Mut. Ins. Corp.*, No. 06-1374, at 10 n.1 (M.D. Pa. Aug. 9, 2007) (distinguishing *Elia* on basis that insurance adjuster is not employed in "independent capacity") (Vanaskie, J.).

Other than these cases, Defendants cite no Pennsylvania law addressing whether an insurance adjuster can be held liable under the UTPCPL, and the Court's research yields none. Given the mandate that we resolve "any uncertainties as to the current state of controlling substantive law in favor of the plaintiff," we find that Plaintiff's UTPCPL claim is not "wholly insubstantial and frivolous." *See Kapton v. Ohio Cas. Ins. Co, Inc.*, No. 14-69, 2014 WL 1572474, *1 (W.D. Pa. Apr. 17, 2014) (remanding UTPCPL claim against insurance adjuster); *Ozanne v. State Farm Mut. Ins. Co.*, No. 11-327, 2011 WL 1743683, *5 (W.D. Pa. May 5, 2011) (same); *Grossi v. Travelers Ins. Co.*, No. 09-1427, 2010 WL 483797, *2 (W.D. Pa. Feb. 5, 2010) (same); *Fenkner*, 2005 WL 1172642 at *3 (same). Since joinder is not fraudulent, complete diversity is lacking and this case must be remanded. Further, as we lack subject matter jurisdiction over this action, we cannot consider Defendants' motion to dismiss and it is accordingly denied as moot.

KEARNEY, J.